UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, | Case No. 20-CV-2676 (NEB/HB) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO TRANSFER VENUE |
| TERRA-COM COMMUNICATIONS CORP., KEVIN TYLER, JACOB R. PETERSEN, JAMES T. PETERSEN, and ALYSSA C. PETERSEN, | |
| Defendants. | |

Plaintiff Great West Casualty Company brought this suit seeking a declaratory judgment that it is not liable under an insurance policy it issued to Defendant Terra-Com Communications Corp. Several defendants moved to transfer venue, or, in the alternative, to stay this case pending resolution of a California state court case. For the reasons below, this motion is denied.

BACKGROUND

In October 2019, Robert Petersen, the owner of Terra-Com, a trucking company, and Kevin Tyler, a newly hired driver, were transporting a load from Minnesota to California. (ECF No. 1 ("Compl.") ¶¶ 2, 9, 10, 12.) Tyler was driving the truck and Petersen was in the truck's sleeper berth. (*Id.* ¶¶ 14–15.) While traveling through Wyoming, the truck veered off the road and flipped onto its side, killing Petersen. (*Id.* ¶¶

13, 15.) Petersen's heirs—Alyssa, Jacob, and James Petersen (the "Heirs")—filed a wrongful death suit in California state court alleging that Tyler's negligence caused the crash. (ECF No. 21 at 4–9 (ECF pagination).)

Terra-Com holds a Commercial Lines Policy issued by Great West, which provides up to $1,000,000 in liability coverage. (Compl. ¶¶ 19–20.) A Minnesota agent issued the policy to Terra-Com's Minnesota address. (ECF No. 32-1, Ex. 4.) After the Heirs sent a letter to Great West demanding the policy's $1,000,000 limit as a result of Petersen's death, Great West filed this suit seeking a declaratory judgment that it is not liable under the policy.[1] The Heirs move to transfer venue to the United States District Court for the Central District of California. In the alternative, they seek a stay of this proceeding until their state court case is resolved.

## ANALYSIS

A district court may transfer a case to another district for the convenience of parties and witnesses when the case could have been brought in the transferee court. 28 U.S.C. § 1404(a). When determining whether to transfer a case, a court should consider "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of

---

[1] The policy contains an exclusion for bodily injury to a Terra-Com "employee." (Compl. ¶ 23.) But "employee," for purposes of this exclusion, does not include a "leased worker" or "temporary worker." (*Id.*) This dispute centers on whether Petersen and Tyler were "employees" or "temporary workers," and thus whether Great West is liable to the Heirs under the policy.

justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).[2] Motions to transfer venue under Section 1404(a) "should not be freely granted, as federal courts give considerable deference to a plaintiff's choice of forum." *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 824 (D. Minn. 2019) (internal quotations and citation omitted). The party seeking a transfer of venue faces a heavy burden—it must show that the factors strongly favor transfer. *Id.* (citation omitted); *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

---

[2] As the parties agree, Section 1404(a) presupposes that venue is proper in the district where the case is pending. (ECF No. 20 at 6; ECF No. 31 at 9); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3841 (4th ed. 2021) (explaining that under Section 1404(a), venue must be proper in both the transferor and transferee courts and also contrasting Section 1404(a), which is used when venue is proper, with Section 1406, which is used when venue is improper). But while the Heirs moved under Section 1404(a) and note that it only applies when venue is proper, they nevertheless argue that venue in this District is improper. (ECF No. 20 at 6.) Despite this procedural hiccup, the Court concludes that venue is proper in this District.

Venue is proper in a district where any defendant lives, if all defendants reside in the same state, or in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)–(2). It appears that not all Defendants reside in the same state, (Compl. ¶¶ 2–6; ECF No. 32-1, Ex. 8), so the Court is left to determine whether a substantial portion of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2). The Court concludes that venue is proper. First, this is an insurance coverage dispute which centers on the policy's language. The policy was issued in Minnesota to a Minnesota company through a Minnesota agent. (Compl. ¶¶ 8, 19; ECF No. 31 at 4; ECF No. 32-1, Ex. 4.) Second, the core dispute is whether Tyler and Petersen were employees of Terra-Com. This determination would presumably have been made in Minnesota, where Terra-Com is based. (Compl. ¶ 2.) Since a substantial portion of two events giving rise to this suit occurred in Minnesota, venue is proper, and the Court will proceed to analyze the Heirs' motion under Section 1404(a).

I.   **Convenience of the Parties**

The Heirs have not shown that the convenience of the parties favors transfer. Two of the Heirs—James and Jacob Petersen—apparently live in Minnesota. (ECF No. 31 at 13; *see* ECF No. 32, Ex. 8 (showing that James Petersen and Jacob Petersen were served at Minnesota residential addresses).) These two individuals may be the only surviving people with information about Terra-Com, which was solely owned by Petersen. (ECF No. 31 at 13.) Although Kevin Tyler and Alyssa Petersen apparently live in California, (ECF No. 20 at 7; ECF No. 31 at 12), the parties have agreed to take depositions remotely, (ECF No. 26 at 4), meaning that the California defendants will likely need to travel to Minnesota only if this matter goes to trial.

II.   **Convenience of the Witnesses**

This factor focuses on the convenience of non-party witnesses. *Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009) (citations omitted). The Heirs have not identified any non-party witnesses in their filings, so they have not carried their burden of showing that this factor favors transfer.[3] In contrast, Great West has pointed to Terra-Com's accountant and employees of a neighboring business as potential witnesses. (ECF No. 31 at 15–16.) The accountant lives in Minnesota and the neighboring business

---

[3] Great West notes that the Heirs, in their initial disclosures, identified the Wyoming Highway Patrol officer who responded to the crash as a potential witness. (ECF No. 31 at 15 n.7.) Even assuming that the officer would have relevant information, it is not clear that traveling from Wyoming to Minnesota would be more onerous than traveling from Wyoming to Southern California.

4

is based in Minnesota, (*id.* at 16), making this District a more convenient forum for these two potential non-party witnesses.

### III.     Interests of Justice

The interests of justice factor examines "judicial economy, the plaintiff's choice of forum, docket congestion, each party's ability to enforce a judgment, obstacles to a fair trial, conflict-of-law issues, and each court's relative familiarity with the applicable law." *Austin*, 677 F. Supp. 2d at 1139 (citations omitted). The Heirs' sole argument in support of their position is that the personal injury suit arising from the crash is being litigated in California state court. (ECF No. 20 at 7–8.) In their view, having both the state and federal cases in California would "promote efficient litigation." (*Id.* at 8.) The Heirs do not expand on or explain this argument, and the Court cannot see any efficiency that would be gained from a transfer. This case and the California state court case do not concern the same issues. The California state court case is a wrongful death action based in negligence, so the Heirs will have to prove that Tyler owed a duty to Petersen, breached that duty, and that the breach caused damages. *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (Cal. Ct. App. 2018) (citation omitted). The main issue in this suit is whether Petersen and Tyler were Terra-Com employees, and thus whether the Heirs are entitled to payment under the Policy. (*E.g.*, Compl. ¶¶ 28–31.) But even if the issues were similar, the fact remains that the wrongful death suit is in state court and this suit is in federal court—

5

geographical proximity does not increase judicial efficiency where the jurisdictions are different.

**IV.    Motion to Stay**

The Heirs seek a stay of this case pending resolution of their state court case. Although not styled as such, by asking the Court to stay this case pending a state court case which they claim involves issues that are "heavily intertwined" with the issues here, the Heirs are essentially asking for *Colorado River* abstention. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under *Colorado River*, the first step to determine whether a federal court may abstain is whether "parallel state and federal actions exist." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (citation omitted).

State and federal cases are parallel when "a substantial similarity . . . exist[s] between . . . proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citation omitted). It is not enough that state and federal cases involve the same general facts or subject matter. *Id.* (citation omitted). If there is any doubt whether cases are parallel, the federal court should exercise jurisdiction. *Id.* (citation omitted).

This case is not parallel to the Heirs' California state court case because resolution of the state proceeding will not fully dispose of Great West's claim in this suit. Whether Tyler was negligent in causing the crash—the issue in the state court suit—will have no

bearing on whether Petersen and Tyler were employees for purposes of Terra-Com's insurance policy. These suits are not parallel just because they involve the same general facts. *Id.* (citation omitted).[4] Thus, the Court refuses to stay this case pending resolution of the California state court case.

Even if the Court were to entertain the Heirs' arguments in favor of a stay, it would still not grant their request. First, the Heirs claim that they need to conduct discovery in state court to shed light on the issue in this case—whether Petersen and Tyler were Terra-Com employees for purposes of the insurance policy. (ECF No. 20 at 9.) But discovery is also available in federal court; it is not clear why the Heirs claim they need to conduct discovery in state court to investigate this issue. Second, the Heirs argue that staying this case would promote judicial efficiency by allowing the state court to "provide guidance on forthcoming issues in the federal case." (*Id.*) Again, the Court sees no issues

---

[4] The Court may still abstain in this declaratory judgment suit even though it is not parallel to the state court case. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005) (explaining that the district court has limited discretion to abstain from hearing a declaratory judgment claim even when no parallel proceeding exists). In this scenario, courts use a six-factor test to determine whether to exercise jurisdiction over the declaratory judgment action. *Id.* These factors involve the usefulness of the declaratory judgment claim, the propriety of hearing it in federal court, and any possible bad motive by the plaintiff. *Id.* at 998 (citation omitted). Great West's declaratory judgment claim serves a useful purpose—it seeks a determination whether Great West is liable under the policy for Petersen's death. As for the second and third groups of factors, the Court sees no reason why this dispute should not be heard in federal court, and it discerns no bad motive on the part of Great West by bringing this claim. Thus, the Court declines to exercise its discretion to not hear this case.

in the state case that would resolve the issues presented by this suit, so a stay is not warranted.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, the motion to transfer venue (ECF No. 18) is DENIED.

Dated: August 18, 2021                          BY THE COURT:

                                                                                         s/Nancy E. Brasel
                                                                                        Nancy E. Brasel
                                                                                        United States District Judge